In re Gary L. DEVORE, Sherrie
L. Devore, Debtors.

Richard Beard, Jennifer
Beard, Plaintiffs,

v.

Gary L. Devore, et al., Defendant.

Bankruptcy No. 00–59764.
Adversary No. 01–02045.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 5, 2002.

Kellie S. Kontnier, Aronson, Fineman & Davis Co., LPA, East Liverpool, OH, for plaintiffs.

Roger A. Isla, Steubenville, OH, for defendant/debtor.

### OPINION AND ORDER ON COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the plaintiffs' complaint seeking a determination that certain debts owed to them by the defendant are nondischargeable. Although the complaint also refers, in the alternative, to an objection to discharge, it is clear from the pleadings, the pretrial statements, and the trial that the relief sought is limited solely to the obligations of the debtor arising from a residential construction contract between the parties. The matter was tried to the Court on April 18, 2002.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(I). The following constitutes this Court's findings of fact and conclusions of law.

The plaintiffs purchased a lot at Stagecoach Estates in December 1998 and thereafter began to seek a builder to construct a residence on that lot. The defendant, who is a first cousin of plaintiff Richard Beard, submitted a written proposal and contract to the plaintiff for the construction of the residence at a cost of $100,000. The plaintiffs accepted this proposal and contract on October 16, 1999.

The plaintiffs obtained construction financing through Belmont Savings Bank for $100,000. Disbursements totalling $97,000 were made from December 1999 through June 2000. The plaintiffs also obtained a second loan from Belmont Savings Bank for $15,000 which was subsequently disbursed to the defendant. In addition, the plaintiffs wrote two checks to the defendant for $15,000 and $3,600 from their own funds.

The defendant began construction of the residence in December 1999. The plaintiffs understood that the house would be completed by April 2000, but, in fact, the home was never finished. The defendant oversaw the completion of the foundation, framing, and roof. He also put in some of the drywall, as well as the subflooring. The plumbing and electrical work was not done, and only some of the windows were installed. During construction, one of the foundation walls collapsed and had to be replaced. The basement was only partially completed.

The quality of the defendant's work was poor. The plaintiffs' expert witness testified that the existing structure is out of level and out of square. Some of the foundation block was missing and there was insufficient mortar between the block.

He observed a lot of water in the basement and no drains. The roof trusses that remained uncovered in the garage were not properly braced. Given these serious structural problems, he recommended that the structure be torn down while salvaging as much of the materials as possible.

The plaintiffs maintain that they sustained a loss in the amount of $115,600 and seek judgment in that amount from the defendant. They also contend that this debt should be determined to be nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (6). At the close of their case-in-chief, the Court granted the defendant's motion for a directed verdict as to the § 523(a)(2)(A) claim due to the lack of evidence concerning any fraudulent misrepresentations by the defendant upon which they justifiably relied.

 Section 523(a)(6) of the Bankruptcy Code provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity," is not dischargeable. This exception is limited to "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). A debtor does not commit a "willful and malicious injury" under § 523(a)(6) unless he desires to cause the consequences of his act or believes that those consequences are substantially certain to occur. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir.1999).

 In this case, the plaintiffs based their § 523(a)(6) claim on the defendant's alleged conversion of their property. An act of conversion may constitute willful and malicious injury depending on whether or not the debtor intended to cause the harm or was substantially certain it would occur. *Sweeney v. Lombardi (In re Lombardi)*, 263 B.R. 848, 853 (Bankr.S.D.Ohio 2001);

*Howard v. McWeeney (In re McWeeney)*, 255 B.R. 3, 5 (Bankr.S.D.Ohio 2000); *J. Bowers Construction Co. v. Williams (In re Williams)*, 233 B.R. 398, 405 (Bankr. N.D.Ohio 1999).

 Conversion occurs when a tortfeasor wrongfully exercises dominion or control of property belonging to another in such a manner as to be inconsistent with, or to deny, the rights of the owner. *Williams*, 233 B.R. at 402 (citing *Baltimore & Ohio Railroad Co. v. O'Donnell*, 49 Ohio St. 489, 32 N.E. 476 (1892)). The gist of the plaintiffs' conversion claim is that the defendant obtained the construction draws and certain other funds belonging to the plaintiffs and failed to account for the expenditure of all these monies in connection with the construction of the residence.

The plaintiffs' evidence supported a claim for a breach of contract arising from the defendant's lack of knowledge and skills compounded by poor workmanship. This evidence, however, did not establish a claim for conversion. The plaintiffs acknowledged the defendant's efforts to construct their home and that he used at least part of their money to obtain supplies which went into the home. The plaintiffs' averment that the receipts produced by the defendant do not add up to the total funds he obtained under the contract does not by itself prove conversion. Contractors do not generally perform their services for free and, at least in the majority of cases, are entitled to a measure of profit and reimbursement for overhead expenses.

The plaintiffs' primary concern appears to lie with the defendant's failure to pay for windows that were ordered, but never delivered, and his expenditure of $8,000 for plumbing work that was never performed. The evidence showed that the defendant made a partial payment for the windows to

Scott Lumber with a certified check after a prior check had been returned for non-sufficient funds. Scott Lumber later returned the windows that had not been paid for. As for the $8,000, the defendant told the plaintiffs that the money had been paid to a plumber.

The plaintiffs do not know where all of the funds advanced on the construction contract went. They were not able to show that the defendant spent the money to purchase supplies not used in the construction of their residence or that the defendant otherwise misappropriated money for his own benefit. Without such evidence, the plaintiffs' claim for conversion must fail.

■ Assuming, nevertheless, that the defendant's actions constituted conversion with respect to at least some of the construction funds, the fact remains that not all acts of conversion rise to the level of willful and malicious conduct. *See Southern Concrete Construction Co. v. Lennard (In re Lennard)*, 245 B.R. 428, 433 (Bankr. M.D.Ga.1999); *Spinoso v. Heilman (In re Heilman)*, 241 B.R. 137, 172 (Bankr.D.Md. 1999). The plaintiffs still would have had to prove that the defendant desired to cause the consequences of his act or believed that those consequences were substantially certain to occur. The proof adduced by the plaintiffs' testimony was that the defendant acted recklessly, a standard of care insufficient to satisfy the requirements set forth in *Kawaauhau v. Geiger* and its progeny.

Based on the foregoing, the Court concludes that the defendant's obligation is not excepted from discharge under 11 U.S.C. § 523(a)(6). Judgment is, accordingly, entered in favor of the defendant.

**IT IS SO ORDERED.**